No. 14-55580

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

CALIFORNIA SEA URCHIN COMMISSION; CALIFORNIA ABALONE
ASSOCIATION; CALIFORNIA LOBSTER AND TRAP FISHERMEN'S
ASSOCIATION; COMMERCIAL FISHERMEN OF SANTA BARBARA,

Plaintiffs - Appellants,

v.

MICHAEL BEAN, in his official capacity as Acting Assistant
Secretary for Fish & Wildlife & Parks, Department of Interior;
DANIEL M. ASHE, in his official capacity as Director of the United States
Fish & Wildlife Service; UNITED STATES FISH & WILDLIFE SERVICE,

Defendants - Appellees,

and

FRIENDS OF THE SEA OTTER; HUMANE SOCIETY
OF THE UNITED STATES; DEFENDERS OF WILDLIFE;
CENTER FOR BIOLOGICAL DIVERSITY; THE OTTER PROJECT;
ENVIRONMENTAL DEFENSE CENTER; LOS ANGELES WATERKEEPER,

Intervenor-Defendants-Appellees.

On Appeal from the United States District Court
for the Central District of California
Honorable Dolly M. Gee, District Judge

**APPELLANTS' REPLY BRIEF**

DAMIEN M. SCHIFF
JONATHAN WOOD
   Pacific Legal Foundation
   930 G Street
   Sacramento, California 95814
   Telephone: (916) 419-7111
   Facsimile: (916) 419-7747

Counsel for Plaintiffs - Appellants

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

  I.  THE FISHERMEN'S CHALLENGE TO THE
      2012 RULE IS TIMELY UNDER THE APA . . . . . . . . . . . . . . . . . . . . . . . 2

 II.  *CENTER FOR BIOLOGICAL DIVERSITY*
     FORECLOSES DEFENDANTS' ARGUMENT
     TO RESTRICT APA REVIEW BASED ON *WIND RIVER* . . . . . . . . . . . . . 4

III.  THE DISTINCTION BETWEEN FACIAL AND AS-
     APPLIED CHALLENGES TO THE 1987 REGULATION
     IS IRRELEVANT HERE BECAUSE THAT IS NOT THE
     FINAL AGENCY ACTION THE FISHERMEN CHALLENGE . . . . . . . . . 7

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

CERTIFICATE OF COMPLIANCE WITH RULE 32(a) . . . . . . . . . . . . . . . . . 13

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

Page

## Cases

*Cedars-Sinai Med. Ctr. v. Shalala*, 177 F.3d 1126 (9th Cir. 1999) . . . . . . . . . . . . 7

*Cedars-Sinai Medical Center v. Shalala*, 125 F.3d 765 (9th Cir. 1997) . . . . . . . . . 1

*Center for Biological Diversity v. Salazar*,
   695 F.3d 893 (9th Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 4-7, 11

*Hells Canyon Preservation Council v. U.S. Forest Service*,
   593 F.3d 923 (9th Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 9-10

*National Labor Relations Board v. Federal Labor
   Relations Authority*, 834 F.2d 191 (D.C. Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . 8

*Oppenheim v. Campbell*, 571 F.2d 660 (D.C. Cir. 1978) . . . . . . . . . . . . . . . . . . 8-9

*Oregon Trollers Ass'n v. Gutierrez*, 452 F.3d 1104 (9th Cir. 2006) . . . . . . . . 10-11

*Public Citizen v. Nuclear Regulatory Commission*,
   901 F.2d 147 (D.C. Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Shiny Rock Min. Corp. v. United States*, 825 F.2d 216 (9th Cir. 1987) . . . . . . . . . 9

*Shiny Rock Min. Corp. v. United States*, 906 F.2d 1362 (9th Cir. 1990) . . . . . . 2, 9

*Sierra Club v. Penfold*, 857 F.2d 1307 (9th Cir. 1988) . . . . . . . . . . . . . . . . . . . . . 7

*Wind River Mining Corporation v. United States*,
   946 F.2d 710 (9th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 7, 9-10

**Page**

**Statutes**

5 U.S.C. § 704 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1-3, 6, 10

§ 706 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1-2, 6, 10

§ 706(2)(C) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

28 U.S.C. § 2401(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1-2

**Miscellaneous**

52 Fed. Reg. 29,754 (Aug. 11, 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

77 Fed. Reg. 75,266 (2012 Rule) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3

**INTRODUCTION**

Plaintiffs-Appellants California Sea Urchin Commission, California Abalone Association, California Lobster and Trap Fishermen's Association, and Commercial Fishermen of Santa Barbara (collectively, "the Fishermen") challenge a final rule, 77 Fed. Reg. 75,266 (2012 Rule), that threatens their fishery with otter predation and their members with criminal penalties. Under the Administrative Procedure Act (APA), any final agency action may be challenged as exceeding an agency's statutory authority, so long as the challenge is brought within six years of that action becoming final. *See* 5 U.S.C. §§ 704, 706; 28 U.S.C. § 2401(a). The Fishermen filed this challenge to the 2012 Rule, as exceeding Defendants' (the Service) authority under Public Law 99-625, less than eight months after it became final. Consequently, the Fishermen's challenge is timely.

The Service offers no response to this straightforward application of the APA's text. Instead, it argues that this Court's decisions, principally *Wind River Mining Corporation v. United States*, *restrict* APA review more narrowly than the text would permit. *See* 946 F.2d 710, 715 (9th Cir. 1991).[1] According to the Service, a final agency action cannot be challenged as exceeding statutory authority if the argument

---

[1] In its "Statement of Jurisdiction," the Service also reasserts the argument, rejected below, that 28 U.S.C. § 2401(a) is jurisdictional. Ans. Br. at 1; *see* ER at 6 n.2. This argument is barred by precedent and must be rejected. *See Cedars-Sinai Medical Center v. Shalala*, 125 F.3d 765, 770 (9th Cir. 1997) ("§ 2401(a)'s six-year statute of limitations is not jurisdictional . . . .").

supporting that claim could also call an earlier action[2] into doubt, *except* through the specific examples this Court identified in *Wind River*—enforcement actions and petition denials. *See* ER at 13-15. This Court has already rejected this argument in *Center for Biological Diversity v. Salazar*. 695 F.3d 893, 904-05 (9th Cir. 2012). It should do so again here.

# I

## THE FISHERMEN'S CHALLENGE TO THE 2012 RULE IS TIMELY UNDER THE APA

The APA allows any "final agency action" to be challenged on the grounds enumerated in the act, within six years of becoming final. *See* 5 U.S.C. § 704 (authorizing challenges to final agency actions); 5 U.S.C. § 706 (providing the grounds for such challenges, including that the action was in excess of statutory authority); 28 U.S.C. § 2401(a) (providing a 6-year statute of limitations for APA claims). Where, as here, the final agency action is a rulemaking, the statute of limitations period begins to run when the final rule is adopted and published in the Federal Register. *See Shiny Rock Min. Corp. v. United States*, 906 F.2d 1362, 1363 (9th Cir. 1990).

---

[2] The earlier final agency action in this case is a 1987 Regulation, 52 Fed. Reg. 29,754, 29,765 (Aug. 11, 1987), which asserted the authority to terminate the protections in Public Law No. 99-625—an authority exercised for the first time in the 2012 Rule. *See* Op. Br. at 5.

The Fishermen challenged the 2012 Rule less than eight months after it was adopted and published in the Federal Register. *See* 77 Fed. Reg. 75,266; ER at 21. They raise only one claim: that the Service exceeded its statutory authority by terminating the sea otter management zone and the Fishermen's statutory exemption from criminal prosecution, and therefore violated the APA in adopting the 2012 Rule. ER at 21-22 ¶ 1 (identifying the 2012 Rule as the subject of this lawsuit). The Fishermen requested relief from only this illegal rule. *Id.* (requesting declaratory and injunctive relief against the 2012 Rule). Under the APA, this challenge to the 2012 Rule is timely.

The Service goes to great pains to argue that the Fishermen challenge something other than the 2012 Rule. It contends that the Fishermen's sole claim is "that Congress's 1986 statute did not provide the Service with authority to terminate the otter translocation program," which calls into question both the 2012 Rule and an earlier regulation. Ans. Br. at 2; *see id.* at 23, 24, 27, 31. This, however, is *not* a claim under the APA because it does not identify *any* challenged final agency action. *See* 5 U.S.C. § 704. Rather, this is the Fishermen's *argument* supporting their *claim*

- 3 -

that the 2012 Rule exceeds the Service's statutory authority in violation of the APA. *See* ER at 21-22 ¶ 1.[3] Because that claim is timely, dismissal was improper.

## II

### *CENTER FOR BIOLOGICAL DIVERSITY* FORECLOSES DEFENDANTS' ARGUMENT TO RESTRICT APA REVIEW BASED ON *WIND RIVER*

The Service's argument—that any challenge to an agency's authority which would call into doubt the legality of a final agency action taken more than six years earlier is barred unless it challenges the particular application of that agency action to the particular plaintiff—rests on a faulty premise: that *Wind River* restricts judicial review under the APA. In *Center for Biological Diversity*, this Court repudiated this argument. 695 F.3d at 904-05. It should do so again here.

In *Center for Biological Diversity*, an environmental group challenged a 2008 regulation, exempting the incidental take of "small numbers" of polar bears and walruses by oil and gas companies, that incorporated a 1983 regulation's definition of "small numbers." *Id*. at 899-901. According to the group, the 1983 definition was inconsistent with the statute because it rendered the "small numbers" language

---

[3] The Service also argues that the Fishermen are not challenging the 2012 Rule because they do not argue that the Service provided inadequate reasoning to support its adoption, that its adoption was arbitrary or capricious, or that it was an enforcement action against the Fishermen. Ans. Br. at 21, 23, 24. However, the APA allows final agency actions to be challenged on more grounds than just these, including that the action exceeded the agency's statutory authority. 5 U.S.C. § 706(2)(C).

- 4 -

superfluous. *Id.* at 903. This Court agreed with that assessment. *Id.* ("This authorization, while complying with the 1983 regulatory definition, violates the plain language of the statute.").

As a consequence of incorporating the 1983 definition, the group argued, the 2008 regulation exceeded the agency's statutory authority as well because it too was inconsistent with the statute. *Id.* at 903-05. Thus, the environmental group could prevail only if the agency used the 1983 definition in the 2008 regulation. If it used some other definition, the claim failed. *See id.* at 904-05 ("Accordingly, we must determine whether the Service applied the 1983 regulatory definition, as opposed to some other permissible definition, in promulgating the contested 2008 incidental take regulations.").

Because the group's challenge to the 2008 regulation called the 1983 regulation into doubt, the agency argued that the claim was a facial challenge to the 1983 regulation and barred by the statute of limitations. *Id.* at 904. This Court rejected that argument—the same one made here—explaining that "[a]lthough Plaintiffs cannot challenge facially the 1983 regulatory definition, they can challenge the Service's alleged application of that definition in the 2008 Chukchi Sea regulations as exceeding the agency's statutory authority." *Id.* The reason for this is apparent from the text of the APA; because the definition of "small numbers" violated the statute, the group could challenge the 2008 final agency action as exceeding the agency's statutory

authority, notwithstanding that its argument would imply that the 1983 regulation was also illegal.  *See* 5 U.S.C. §§ 704, 706 (allowing challenges to final agency actions as exceeding an agency's statutory authority).  The Service's argument—that the only APA claims permitted in such circumstances are challenges to the particular application of a regulation to a particular plaintiff—is inconsistent with that decision, which involved the adoption of a regulation, not an enforcement action or petition denial.  *See Center for Biological Diversity*, 695 F.3d at 904-05.

The Service's attempt to distinguish *Center for Biological Diversity* fundamentally misunderstands that case.  Ans. Br. at 34.  Contrary to the Service's reading, the environmental group did not challenge the 2008 regulation on the grounds that it "significantly redrafted" the 1983 definition.  *Center for Biological Diversity*, 695 F.3d at 903.  Rather, that was the basis on which this Court ultimately *rejected* the group's claim.  *Id.* at 905 (determining that the agency "significantly redrafted" the analysis and, therefore, "[t]he final rule, challenged in this case, is thus different from the incidental take regulations struck down in *Evans*").  Once it rejected the statute of limitations defense, this Court's task was to "determine whether the Service applied the 1983 regulatory definition [in which case the plaintiffs would win on the merits], as opposed to some other permissible definition, in promulgating the contested 2008 incidental take regulations [in which case the Service would win on the merits, which it ultimately did]."  *Id*. at 904-05.

- 6 -

According to the Service's interpretation of the case, the agency was entitled to win regardless of how this Court resolved that question: winning on statute of limitations grounds if the 2008 regulation incorporated the 1983 definition, and on the merits if it did not. *See* Ans. Br. at 33-34. The Service's "heads we win, tails you lose" interpretation makes no sense in light of the Court's acknowledgment that, if the 2008 regulation incorporated the 1983 definition, the 2008 regulation exceeded the agency's statutory authority. *See* 695 F.3d at 903; *id.* at 904-05.

### III

### THE DISTINCTION BETWEEN FACIAL AND AS-APPLIED CHALLENGES TO THE 1987 REGULATION IS IRRELEVANT HERE BECAUSE THAT IS NOT THE FINAL AGENCY ACTION THE FISHERMEN CHALLENGE

The Service cites numerous cases to demonstrate that an agency action cannot be challenged more than six years after it became final. *See, e.g.*, *Hells Canyon Preservation Council v. U.S. Forest Service*, 593 F.3d 923, 930 (9th Cir. 2010); *Wind River*, 946 F.2d at 714. A corollary of this rule is that a subsequent final agency action cannot be challenged *solely* for relying on an earlier illegal agency action. *See Cedars-Sinai Med. Ctr. v. Shalala*, 177 F.3d 1126, 1129 (9th Cir. 1999) (claim that an agency decision violated the APA because it relied on an earlier, *procedurally* defective regulation was a time-barred challenge to the earlier regulation); *Sierra Club v. Penfold*, 857 F.2d 1307, 1315 (9th Cir. 1988) (rejecting a claim that a regulation

was *procedurally* defective after the statute of limitations period had run). However, it does not follow from either proposition that a final agency action cannot be challenged as exceeding statutory authority, if the argument supporting the claim may call an earlier action into doubt, unless the challenge is brought as an as-applied claim in an enforcement action or petition denial case. *See* Op. Br. at 15-16 (explaining *Oppenheim v. Campbell*, 571 F.2d 660 (D.C. Cir. 1978), on which *Wind River* was based). Nor does the Service identify any cases supporting such a rule.

None of the Service's D.C. Circuit cases compel the rule it seeks to establish here. *National Labor Relations Board v. Federal Labor Relations Authority* is silent on this question—the D.C. Circuit allowed an indirect challenge to a time-barred regulation to proceed as an as-applied challenge; it did not bar direct challenges to subsequent final agency actions. 834 F.2d 191, 195-96 (D.C. Cir. 1987). *Public Citizen v. Nuclear Regulatory Commission* acknowledged that, once the time for directly challenging an action has expired, it *may* be indirectly challenged as exceeding statutory authority through the petition process, but said nothing to deny other avenues of review. 901 F.2d 147, 147-52 (D.C. Cir. 1990). *Oppenheim v. Campbell* forbids such a restriction because, as it explains, the D.C. Circuit rule allows challenges to later agency actions so long as they can be brought without reference to the earlier agency action and seek relief only against the later action. *See* 571 F.2d at

663; *see also Wind River*, 946 F.2d at 715 (finding *Oppenheim* persuasive); Op. Br. at 15-16 (explaining why the Fishermen's claim satisfies *Oppenheim*).

This Court's precedents also do not support the Service's argument. Nothing in *Shiny Rock* would forbid a timely challenge to a final agency action as exceeding an agency's statutory authority because it may cast the legality of a prior agency action into doubt. Op. Br. at 11-13. To the contrary, *Shiny Rock* only concerned a time-barred challenge that an old regulation was *procedurally* defective. *See* 906 F.2d at 1365; *see also Shiny Rock Min. Corp. v. United States*, 825 F.2d 216, 217-18 (9th Cir. 1987) (providing more detail about the claim). In *Shiny Rock*, like *Cedars-Sinai* and *Penfold*, there was no claim that a later final agency action itself violated the APA by exceeding the agency's statutory authority. *See* Op. Br. at 12-13; *id.* at 16 (explaining that reliance on an earlier, *procedurally* defective regulation is not a claim that the subsequent action violated the APA). Similarly, nothing in *Hells Canyon Preservation Council v. U.S. Forest Service* forbids the Fishermen's challenge. That case concerned a challenge to the substance of a final agency action taken more than six years before the complaint was filed. 593 F.3d at 930-31. This Court declined to entertain an as-applied challenge to the regulation because the plaintiff failed to

- 9 -

identify a final agency action that violated the APA within the statute of limitations period. *Id.* at 931-32.[4] Unlike these cases, the Fishermen challenge a recent final agency action as exceeding the Service's statutory authority. None of these cases forbid the Fishermen's claim.

Additionally, construing *Wind River* to restrict judicial review under the APA, as the Service requests, would be contrary to the reasoning of that case, the text of the APA, and *Center for Biological Diversity*. *See* Op. Br. at 13-21. *Wind River* provides that a plaintiff "may" indirectly challenge a time-barred regulation through the enforcement and petition processes. 946 F.2d at 715. It says nothing about challenges to subsequent final agency actions that, themselves, exceed an agency's statutory authority. *Wind River*'s holding can be explained by the text of the APA, which allows any final agency action, including enforcement actions and petition denials, to be challenged on the enumerated grounds. 5 U.S.C. §§ 704, 706; *see Oregon Trollers*

---

[4] In *Hells Canyon*, the plaintiff argued that the agency had recently reinterpreted its earlier regulation, which would be a new final agency action. 593 F.3d at 931 ("[P]laintiffs attempt to avoid the statute of limitations by claiming that they are not challenging the boundary description published in 1981, but rather a 2002 reinterpretation of it."). This Court reviewed the record and concluded that there had been no reinterpretation. *Id.* ("HCPC's argument is simply not consistent with the record."). As a consequence, the only final agency action that could have been challenged in *Hells Canyon* was the earlier regulation, for which the statute of limitations had long since run. If the Service's interpretation of *Hells Canyon* was correct, there would have been no need to review the record to see if the regulation had been reinterpreted, as any challenge to that reinterpretation would have been a facial challenge to the earlier regulation in the Service's view. Ans. Br. at 38-39.

*Ass'n v. Gutierrez*, 452 F.3d 1104, 1113 (9th Cir. 2006) (rejecting this statute of limitations argument under a similarly worded statute). This text also authorizes the Fishermen's claim. Op. Br. at 8-9. The APA contains no caveat like "unless the argument against the final agency action would call an earlier one into doubt." Finally, if this Court decides to consider the Service's facial vs. as-applied argument, *Center for Biological Diversity* dictates that the Fishermen's claim is a permissible challenge to the application of the 1987 Regulation in the 2012 Rule. 695 F.3d at 904-05. Consequently, even if the Service's characterization of the Fishermen's claim was correct, the dismissal of that claim must be reversed under *Center for Biological Diversity*.

## CONCLUSION

This case can be resolved by looking to the text of the APA. That statute allows challenges to all final agency actions that exceed an agency's authority, if brought within six years of when the action became final. The Fishermen have done just that by timely challenging the Service's adoption of the 2012 Rule in excess of their statutory authority. No other limitation—including the one the Service seeks to establish here—appears in the statute. This Court should follow its earlier decision in *Center for Biological Diversity* and, once again, deny that an illegal final agency

action is immune to judicial review if it is not the first time that the agency has exceeded its authority.

    DATED: December 5, 2014.

                              Respectfully submitted,

                              DAMIEN M. SCHIFF
                              JONATHAN WOOD

                              By     /s/ Jonathan Wood
                                      JONATHAN WOOD

                              Counsel for Plaintiffs - Appellants

**CERTIFICATE OF COMPLIANCE WITH RULE 32(a)**
CERTIFICATE OF COMPLIANCE WITH
TYPE-VOLUME LIMITATION, TYPEFACE
REQUIREMENTS, AND TYPE STYLE REQUIREMENTS.

1. This reply brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

    <u> X </u>  It contains 2,726 words excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(b)(iii), or

    ___ It uses a monospaced typeface and contains _____ lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This reply brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

    <u> X </u>  It has been prepared in a proportionally spaced typeface using WordPerfect X5 in font style Times New Roman and font size 14, or

    ___ It has been prepared in a monospaced typeface using WordPerfect X5 with ____ characters per inch and type style _____.

DATED: December 5, 2014.

                                          /s/ Jonathan Wood
                                          Attorney for Plaintiffs - Appellants

## CERTIFICATE OF SERVICE

I hereby certify that on December 5, 2014, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

                                                              /s/ Jonathan Wood
                                                              JONATHAN WOOD